S07A0065. MUHAMMAD v. THE STATE.
(647 SE2d 560)

BENHAM, Justice.

Anjail Durriyyah Muhammad has been indicted on charges of malice murder, felony murder, aggravated battery, aggravated assault, and first-degree arson in connection with the death of Nodiana Antoine. The State has filed written notice of its intent to seek the death penalty. This Court granted Muhammad's application for interim review and directed the parties to address whether the trial court erred in denying Muhammad's motions concerning Georgia's amended criminal discovery statute, OCGA § 17-16-1 et seq. For the reasons set forth below, we affirm the trial court's orders.

On July 20, 2004, two months after her indictment by the Cobb County grand jury, Muhammad elected to participate in the Criminal Procedure Discovery Act ("the Act"). See OCGA § 17-16-1 et seq. Following her decision to participate, the Act was amended by the "Criminal Justice Act of 2005" and a subsequent, untitled act. 2005 Ga. L., pp. 20-30, §§ 1-18; 2005 Ga. L., pp. 474-475, §§ 1, 2. An uncodified section of the Act made it applicable "to all trials which commence on or after July 1, 2005." 2005 Ga. L., p. 29, § 17. Since Muhammad's trial has not yet commenced, the trial court ruled that the amended version of the Act is applicable to Muhammad's case. Muhammad contends the amendments are either unconstitutional as written or are inapplicable to her case.

1. The majority of Muhammad's assaults on the amended Act were decided adversely to her in this Court's decision in *Stinski v. State*, 281 Ga. 783 (642 SE2d 1) (2007). Muhammad's assertions that the application of the 2005 amendments to her case constitutes an unconstitutional ex post facto law and an unconstitutional bill of attainder were decided adversely to her in Division 4 (c) of *Stinski*; Muhammad's argument that the amendments to the Act violate due process of law because they purportedly do not impose reciprocal discovery requirements (see *Wardius v. Oregon*, 412 U. S. 470 (II) (93 SC 2208, 37 LE2d 82) (1973)), and her contention that the amendments violate her constitutional right to present mitigating evidence (see *Lockett v. Ohio*, 438 U. S. 586, 604 (III) (98 SC 2954, 57 LE2d 973) (1978)), were decided adversely to her in Division 4 (b); and her contention that the imposition of additional discovery duties under the amended Act did not arise through a valid waiver of her right not to participate was decided adversely to her in Division 4 (d).

2. Muhammad asserts the amendments to the Act violate her constitutionally-guaranteed right to effective assistance of counsel (see U. S. Const., Amend. VI; Ga. Const. of 1983, Art. I, Sec. I, Par. XIV) because defense counsel cannot effectively perform their constitutionally-mandated duty of investigating and preparing mitigating evidence for use in the sentencing phase while simultaneously being concerned with the possibility that such efforts will result in the discovery of evidence that is both harmful to the defendant and discoverable by the State. See *Strickland v. Washington*, 466 U. S. 668, 691 (III) (104 SC 2052, 80 LE2d 674) (1984).

The relevant portion of the amended Act

requires a defendant to produce, *at or before the announcement of a guilt/innocence verdict*, books, papers, documents, photographs, films, recordings, tangible objects, and audio and visual recordings and to allow inspection and photographing of buildings if the defendant intends to use any of these items as evidence in the sentencing phase. OCGA § 17-16-4 (b) (3) (A). A defendant must also disclose, *at or before the guilt/innocence verdict*, reports regarding any mental health examinations or other scientific tests that the defendant intends to introduce into evidence in the sentencing phase. OCGA § 17-16-4 (b) (3) (B). Finally, a defendant must disclose *five days before trial* the identity of witnesses the defendant intends to call at sentencing and must disclose *at or before the guilt/innocence verdict* any non-privileged statements of those witnesses [that relate to the subject matter of the testimony of such witnesses] that are in the defendant's possession. OCGA § 17-16-4 (b) (3) (C).

(Emphasis supplied.) *Stinski*, supra, 281 Ga. at 786 (4) (b). With the exception of the list of witnesses she intends to call at the presentence hearing, a defendant participating in reciprocal discovery has until the announcement of the jury's verdict or the publication of the court's judgment in a bench trial to comply with the amended Act's discovery requirements related to the presentence hearing. Thus, a defendant's attorney is free to investigate for mitigating evidence and need not produce any substantive discovery to the State until the close of evidence in the guilt/innocence phase of the trial.

Nothing in the Act requires the defendant to provide the prosecution with evidence from witnesses whom she will not call at the presentence hearing. Thus, the defendant retains control in identifying the individuals to whom the disclosure applies and may limit potentially harmful disclosure by calling only those witnesses who are likely to help her case. Counsel may freely investigate for mitigating evidence, knowing that the identity of any potentially harmful witness resulting from that investigation need only be produced to the State in reciprocal discovery should the defense decide to call that witness at the presentence hearing. The fact that a witness who may be helpful on one aspect of the case has given a statement containing some potentially damaging information presents the type of difficult tactical choice that trial attorneys routinely face. Such choices do not deny a defendant her right to effective assistance of counsel.

With regard to the requirement that the defendant disclose the identity of the witnesses the defendant intends to call at the presentence hearing five days before the start of the guilt/innocence trial, this Court has held that reciprocal discovery provisions requiring the defendant to disclose identities of all persons they intend to call as witnesses at trial and relevant written or recorded statements of all such witnesses do not violate a defendant's right to effective representation of counsel. *State v. Lucious*, 271 Ga. 361 (3) (518 SE2d 677) (1999). This conclusion is in line with that of the United States Supreme Court in *United States v. Nobles*, 422 U. S. 225, 240, n. 15 (95 SC 2160, 45 LE2d 141) (1975), which rejected a Sixth Amendment challenge to a trial court's order requiring disclosure by the defense of its investigator's report of statements made by prosecutorial witnesses once the defense called the investigator as a trial witness. Although the Court in *Nobles* noted that the defendant had waived his Sixth Amendment claim by his "voluntary election to make testimonial use of [the defense] investigator's report," it clearly stated that such waiver was not the sole basis for rejecting the right to effective assistance of counsel challenge. Id. at 240, n. 15. The Court went on to state that "[t]he Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system; one cannot invoke the Sixth Amendment as a

justification for presenting what might have been a half-truth." Id. at 241. Reciprocal discovery provisions providing for the disclosure of the statements of intended defense sentencing phase witnesses are a "legitimate demand" of the criminal justice system aimed at testimonial "half-truths" and are proper where, as here, the disclosure is limited to the non-privileged statements related to the subject matter of the testimony of the witnesses and in the defendant's custody, possession, or control, and conditioned upon the defendant's intent to call the witnesses at the presentence hearing. Appellant has set forth no argument that leads us to conclude that the timing of the discovery under the amended Act renders such discovery violative of the Sixth Amendment. See *Izazaga v. Superior Court*, 815 P2d 304, 320 (285 Cal. Rptr. 231) (1991). The limited and conditional discovery authorized by the amended Act is constitutionally acceptable under the reasoning of *Lucious*, supra, 271 Ga. at 364 (3), and *Nobles*, supra, 422 U. S. 225. See also 4 LaFave, Criminal Procedure, pp. 908-911, § 20.4 (f) (2d ed. 1999) (stating that "[c]ourts have uniformly rejected Sixth Amendment challenges to the required production of the prior recorded statements of defense witnesses who will be presented at trial").

3. Muhammad also contends that the amended Act's requirement that a defendant disclose any mitigating evidence she intends to introduce in the presentence hearing (OCGA § 17-16-4 (b) (3)) violates the privilege against self-incrimination guaranteed her by both the state and federal constitutions. See U. S. Const., Amend. V; Ga. Const. of 1983, Art. I, Sec. I, Par. XVI.[1] We disagree.

The Fifth Amendment privilege against self-incrimination "protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U. S. 441, 445 (92 SC 1653, 32 LE2d 212) (1972). "The Self-Incrimination Clause reflects 'a judgment that the prosecution should not be free to build up a criminal case, in whole or in part, with the assistance of enforced disclosures by the accused.' [Cit.]" (Punctuation and emphasis omitted.) *Doe v. United States*, 487 U. S. 201, 212 (108 SC 2341, 101 LE2d 184) (1988). There are four requirements for triggering the Fifth

---

[1] "Similar to the right against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution, Georgia's right against self-incrimination is directed towards prohibiting the State's use of coercion or compulsion to be a witness against oneself." *Fantasia v. State*, 268 Ga. 512, 513 (491 SE2d 318) (1997). While the provision under the federal constitution has long been limited to "testimony," the Georgia provision has been construed liberally to limit the State from forcing an individual to affirmatively produce any "evidence, oral or real," regardless of whether or not it is testimonial, *Creamer v. State*, 229 Ga. 511, 516 (3) (192 SE2d 350) (1972), a difference that has no significance for our analysis here.

Amendment privilege. The information sought must be (1) incriminating; (2) personal to the defendant; (3) compelled; and (4) testimonial or communicative in nature. See *Nobles,* supra, 422 U. S. at 233; *Schmerber v. California,* 384 U. S. 757, 761 (86 SC 1826, 16 LE2d 908) (1966); *Doe v. United States,* supra, 487 U. S. at 207. In order for statutorily-mandated discovery of evidence to be barred by the self-incrimination clause, it must meet *each* of these requirements. See *Schmerber,* supra, 384 U. S. at 761 and n. 5 (holding that "the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature" and that while "all evidence received in court is 'testimonial' or 'communicative'" in that it communicates to the jury facts about defendant's condition, "the Fifth Amendment relates only to acts on the part of the person to whom the privilege applies, and [the Court] uses these words subject to the same limitations").

(a) Requiring a defendant to produce at or before the guilt/innocence verdict the items of evidence as listed in OCGA § 17-16-4 (b) (3) (A) and (B) that she intends to introduce in the presentence hearing is not compelled self-incrimination. See *Williams v. Florida,* 399 U. S. 78, 85 (90 SC 1893, 26 LE2d 446) (1970), where the United States Supreme Court held that a discovery rule requiring a criminal defendant intending to rely on an alibi defense to notify the State of the place where the defendant claimed to be at the time in question and of the names and addresses of his intended alibi witnesses is not "compelled" self-incrimination, and thus does not violate the Fifth Amendment. Under the Court's reasoning, "[a]t most, the rule only compelled [the defendant] to *accelerate the timing* of his disclosure, by forcing him to divulge at an earlier date information that the [defendant] from the beginning planned to divulge at trial." (Emphasis supplied.) Id. at 85.

(b) Statements of witnesses the defendant intends to call to testify are *not* personal to the defendant. See *Nobles,* supra, 422 U. S. at 233 (stating that the privilege against self-incrimination "'is a *personal* privilege; it adheres basically to the person, not to information that may incriminate him'") (quoting *Couch v. United States,* 409 U. S. 322, 327 (93 SC 611, 34 LE2d 548) (1973)). In *Nobles,* the Court also rejected a self-incrimination challenge to the trial court's disclosure order, reasoning that:

> [t]he fact that these statements of third parties were elicited by a defense investigator on [defendant's] behalf does not convert them into [defendant's] personal communications. Requiring their production from the investigator therefore

would not in any sense compel [defendant] to be a witness against himself or extort communications from him.

We thus conclude that the Fifth Amendment privilege against compulsory self-incrimination, being personal to the defendant, does not extend to the testimony or statements of third parties called as witnesses at trial.

*Nobles*, supra, 422 U. S. at 234 (III) (A).

Georgia's amended Act requires disclosure by the defense of "any statement of . . . witnesses [who the defendant intends to call in the presentence hearing] . . . that relates to the subject matter of the testimony of such witnesses." OCGA § 17-16-4 (b) (3) (C). As used in the Act, "witness" does not include the defendant. OCGA § 17-16-1 (3). Thus, the statements the amended Act requires to be disclosed are those of "third parties" within the meaning of *Nobles* and are therefore outside the scope of the self-incrimination clause. *Nobles*, supra, 422 U. S. at 234. See also American Bar Association Standards for Criminal Justice, Discovery Standards, § 11-2.2 (a) (i) comment (3d ed. 1996) (noting that "[w]hen limited to the defendant's trial evidence, a pretrial disclosure rule is constitutional under the Fifth Amendment" and that "the drafters concluded that allowing both parties advance access to the statements of trial witnesses enhances the fairness of the proceeding, and minimizes mid-trial recesses and continuances otherwise necessary to allow the parties to absorb these materials during trial").

Since the statements of witnesses the defendant intends to call are not personal to the defendant, the statutory requirement of disclosure of the statements of defense witnesses does not meet all of the four requirements necessary to implicate the self-incrimination clause of the federal and state constitutions. Consequently, the contention that the amended Act violates the self-incrimination clause because it requires the defense to disclose before the sentencing phase any statements of the witnesses it intends to call is without merit.

(c) In contrast to the statements of third-party witnesses, however, the disclosure of the list of witnesses the defendant intends to call in the presentence hearing is personal to the defendant because the defendant is the one who is required to create and turn over to the State the list of sentencing phase witnesses. See *Couch*, supra, 409 U. S. at 328. This disclosure is also testimonial. *Doe*, supra, 487 U. S. at 209-210 (II) (A) ("[I]n order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information."). Under most circumstances, the list of witnesses a defendant intends to use in mitigation would not be incriminating. However, we recognize there could be instances where

disclosure before the commencement of the guilt/innocence phase of the identity of certain witnesses the defendant intends to call in the presentence hearing might jeopardize an accused's defense at the guilt/innocence phase and potentially violate her privilege against self-incrimination. Requiring a defendant to provide the prosecutor, prior to the guilt/innocence phase, with the identity of the witnesses the defendant intends to call to testify in the presentence hearing is not "merely accelerating the timing of his disclosure" as was deemed permissible in *Williams v. Florida*, supra, since the defendant may never intend to disclose a helpful sentencing phase witness who could be a harmful guilt/innocence phase witness. For example, if a defendant intends to call a certain witness to testify in the presentence hearing that the defendant was not the actual triggerman, the defendant's pretrial disclosure of that witness's name could result in the prosecution's discovery of that witness's knowledge of evidence concerning the degree of the defendant's involvement in the crime prior to the guilt/innocence phase of the trial. To the extent that the witness would be incriminating in the guilt/innocence phase, such incrimination would indeed be compelled.

We conclude the trial court can exercise its discretion "to specify the time, place, and manner of making the discovery" and to enter such orders as seem "just under the circumstances" (OCGA § 17-16-6) when such concerns arise. Upon a proper invocation by the defendant, the trial court may conduct an appropriate proceeding to hear the matter and, where the defendant is able to show that pretrial disclosure of the witnesses she intends to call in the presentence hearing would violate her constitutional rights, a protective order or a continuance pending the completion of the guilt/innocence phase of the trial will provide a sufficient remedy.[2]

*Judgment affirmed. Sears, C. J., Hunstein, P. J., Carley, Thompson and Hines, JJ., and Chief Judge Roger W. Dunaway, Jr., concur. Melton, J., not participating.*

DECIDED JUNE 29, 2007.

*Treadaway & Treadaway, J. Michael Treadaway, Ray B. Gary, Jr.*, for appellant.

---

[2] Other states have also concluded that this method affords the most appropriate remedy for this and similar matters in the reciprocal discovery context. See *People v. Martinez*, 970 P2d 469, 477 (Colo. 1998); *State v. Brown*, 940 P2d 546 (Wash. 1997); *People v. Mitchell*, 859 P2d 102, 107 (Cal. 1993).

*Patrick H. Head, District Attorney, Dana J. Norman, Reuben M. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Emily R. Roselli, Assistant Attorney General,* for appellee.