S13A0703. BELL v. THE STATE.
(748 SE2d 382)

MELTON, Justice.

Following a jury trial, Walter E. Bell was found guilty of first degree vehicular homicide, reckless driving, hit and run, and tampering with evidence in connection with the death of Jenny McMillan-Gutierrez.[1] On appeal Bell contends, among other things, that OCGA §§ 40-6-270 (a) (hit and run) and 40-8-76.1 (d) (use of safety

---

[1] On November 15, 2011, Bell was indicted for felony murder (with aggravated assault as the underlying felony), aggravated assault, first degree vehicular homicide, reckless driving, leaving the scene of an accident (hit and run), and tampering with evidence. Following a March 26-29, 2012 jury trial, Bell was acquitted of felony murder and aggravated assault, but was found guilty on all remaining charges. The trial court sentenced Bell to twenty years (fifteen years for vehicular homicide, and five consecutive years for leaving the scene of an accident), with twelve to serve. The reckless driving count was merged into the vehicular homicide count, and the tampering with evidence count was merged with the hit and run count, for sentencing purposes. Bell filed a motion for new trial on April 30, 2012, which was denied on September 4, 2012. Bell filed a timely notice of appeal on September 11, 2012, and his appeal was docketed in this Court for the April 2013 term and orally argued on April 1, 2013.

belts in passenger vehicles) are unconstitutional. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the record reveals that, on July 9, 2011, Bell was speeding and weaving in and out of traffic on northbound Georgia 400 in a rented Mercedes Benz, when he abruptly changed lanes and cut off a car being driven by McMillan-Gutierrez. Bell's actions caused McMillan-Gutierrez to lose control of her vehicle and crash her car into a cluster of trees off the side of the highway. Bell sped away from the scene of the accident and changed to a different rental car, and McMillan-Gutierrez died from her injuries.

The evidence was sufficient to enable a rational trier of fact to find Bell guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Bell contends that OCGA § 40-8-76.1 (d), which deals with the use of safety belts in passenger vehicles, is unconstitutional.[2] However, because the trial court never ruled on the constitutionality of OCGA § 40-8-76.1 (d) below, Bell has presented nothing for this Court to review on appeal. See, e.g., *Davis v. Harpagon Co., LLC*, 283 Ga. 539, 542 (4) (661 SE2d 545) (2008) ("[W]e do not reach constitutional questions which have not been considered and distinctly ruled on by the trial court.").

3. Bell further argues that Georgia's hit and run statute, OCGA § 40-6-270 (a), is unconstitutional. Specifically, he claims that the statutory requirements that one must stop at the scene of an accident and identify oneself[3] violate a person's right against self-incrimination under both the United States and the Georgia Constitutions. Bell is incorrect.

---

[2] Prior to trial, the State moved in limine to exclude any evidence that McMillan-Gutierrez was not wearing a seatbelt at the time of the accident and to exclude any evidence that the air bag in McMillan-Gutierrez's car did not deploy during the accident. In response, Bell filed a motion challenging the constitutionality of OCGA § 40-8-76.1 (d), arguing that this statute would have served as the basis for any ruling to exclude evidence of the victim not wearing a seatbelt and her air bag not deploying during the accident. The trial court excluded the evidence, but specifically stated in a written order on Bell's constitutional challenge that "it [was] not necessary to address [Bell's] constitutional challenge [to OCGA § 40-8-76.1 (d)] because the State ha[d] not sought to limit the introduction of seatbelt testimony pursuant to [that] statute."

[3] OCGA § 40-6-270 (a) states in relevant part that

[t]he driver of any vehicle involved in an accident resulting in injury to or the death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible and forthwith return to the scene of the accident and shall:

(1) Give his or her name and address and the registration number of the vehicle he or she is driving[.]

With respect to the United States Constitution, this issue has been decided adversely to Bell by the United States Supreme Court in *California v. Byers*, 402 U. S. 424 (91 SCt 1535, 29 LE2d 9) (1971). In *Byers*, the Supreme Court analyzed a California hit-and-run statute with nearly identical language to that of the Georgia statute at issue here, and concluded that the requirements that a driver stop at the scene of an accident and identify himself or herself did not violate that person's constitutional right against self-incrimination. Indeed, "the mere possibility of incrimination is insufficient to defeat the strong policies in favor of a disclosure called for by [hit-and-run] statutes like the [Georgia statute at issue here and the California statute] challenged [in *Byers*]." Id. at 428 (1). In this connection, like the statute at issue in *Byers*, Georgia's hit-and-run statute does not confront an individual with substantial hazards of self-incrimination through requiring certain disclosures, as the statute is not "directed at a highly selective group inherently suspect of criminal activities." Id. at 429 (1). Rather,

> the statute is essentially regulatory, not criminal . . . [and] is directed at all persons — here all persons who drive automobiles in [Georgia]. This group, numbering as it does in the millions, is so large as to render [OCGA § 40-6-270 (a)] a statute "directed at the public at large." It is difficult to consider this group as either "highly selective" or "inherently suspect of criminal activities." Driving an automobile . . . is a lawful activity. Moreover, it is not a criminal offense under [Georgia] law to be a driver "involved in an accident." An accident may be the fault of others; it may occur without any driver having been at fault. No empirical data are suggested in support of the conclusion that there is a relevant correlation between being a driver and criminal prosecution of drivers. So far as any available information instructs us, most accidents occur without creating criminal liability even if one or both of the drivers are guilty of negligence as a matter of tort law. . . . [D]isclosures with respect to automobile accidents simply do not entail the kind of substantial risk of self-incrimination involved in [cases where such risks are present]. Furthermore, the statutory purpose is noncriminal and self-reporting is indispensable to its fulfillment.

(Citations and punctuation omitted.) Id. at 430-431 (1).

Moreover,

> [e]ven if we were to view the statutory reporting require-
> ment as incriminating in the traditional sense, in our view it
> would be [an] "extravagant" extension of the privilege . . . to
> hold that it is testimonial in the Fifth Amendment sense.
> Compliance with [OCGA § 40-6-270 (a)] requires two things:
> first, a driver involved in an accident is required to stop at
> the scene; second, he is required to give his name and
> address [and vehicle registration number]. The act of stop-
> ping is no more testimonial — indeed less so in some respects
> — than requiring a person in custody to stand or walk in a
> police lineup, to speak prescribed words, or to give samples
> of handwriting, fingerprints, or blood. Disclosure of name
> and address [and vehicle registration number] is an essen-
> tially neutral act. Whatever the collateral consequences of
> disclosing name and address [and vehicle registration num-
> ber], the statutory purpose is to implement the state police
> power to regulate use of motor vehicles.

Id. at 431-432 (2).

Accordingly, Georgia's hit-and-run statute does not violate one's
right against self-incrimination under the United States Constitu-
tion. *Byers,* supra. Similarly, because the United States Supreme
Court's analysis in *Byers* shows that the acts of stopping at the scene
of an accident and providing the information required under OCGA §
40-6-270 (a) do not present substantial hazards of self-incrimination
by being directed at a highly selective group inherently suspect of
criminal activities — even when considered under the more liberal
self-incrimination standards of Georgia[4] — we find no violation of
Bell's right against self-incrimination under the Georgia Constitu-
tion.

---

[4] As this Court noted in *Muhammad v. State,* 282 Ga. 247, 250 (2), n. 1 (647 SE2d 560)
(2007):

> Similar to the right against self-incrimination guaranteed by the Fifth Amendment
> to the United States Constitution, Georgia's right against self-incrimination is
> directed towards prohibiting the State's use of coercion or compulsion to be a
> witness against oneself. While the provision under the federal constitution has long
> been limited to "testimony," the Georgia provision has been construed liberally to
> limit the State from forcing an individual to affirmatively produce any "evidence,
> oral or real," regardless of whether or not it is testimonial.

(citations and punctuation omitted).

4. Bell claims that the trial court erred in sentencing him for felony vehicular homicide instead of misdemeanor vehicular homicide, because, in his view, the State only proved that he was guilty of aggressive driving rather than reckless driving as the underlying offense to support his vehicular homicide conviction. See OCGA §§ 40-6-393 (a) (person who causes death of another through violation of OCGA § 40-6-390 (a) (reckless driving) "commits the offense of homicide by vehicle in the first degree and, upon conviction thereof, shall be punished by imprisonment for not less than three years nor more than 15 years") and (c) ("Any person who causes the death of another person, without an intention to do so, by violating [OCGA § 40-6-397 (aggressive driving) or] any provision of this title other than[, among other sections, OCGA § 40-6-390 (a)] . . . commits the offense of homicide by vehicle in the second degree when such violation is the cause of said death and, upon conviction thereof, shall be punished as provided in Code Section 17-10-3 [dealing with misdemeanors]"). However, as explained in Division 1, supra, the evidence was sufficient for the jury to find Bell guilty of all of the crimes for which he was convicted, including first degree vehicular homicide based on reckless driving. Accordingly, this enumeration is without merit.

5. Finally, Bell contends that, because the trial court merged the tampering with evidence count into the hit-and-run count for sentencing purposes, and because the indictment was unclear as to whether the tampering related to first or second degree vehicular homicide, the trial court erred in sentencing him for felony hit and run as opposed to misdemeanor tampering with evidence. Bell's argument fails.

Assuming without deciding that the trial court was required to merge these two counts at all,[5] there is nothing confusing about the indictment and the fact that the tampering with evidence count related to first degree vehicular homicide. See, e.g., *Hester v. State*, 283 Ga. 367, 368 (2) (659 SE2d 600) (2008) ("The indictment must be read as a whole") (citation omitted). Nor was there anything improper about the trial court sentencing Bell under the surviving felony hit-and-run count after merging the lesser tampering count into it for sentencing purposes. See *White v. State*, 287 Ga. 713, 719 (699 SE2d 291) (2010) (Where a defendant "tamper[s] with evidence in his own case and not to prevent the apprehension or prosecution of anyone other than himself, he [is] guilty of misdemeanor tampering."); *Reed*

---

[5] Indeed, the State contends that it erroneously conceded below that the counts should have merged under the now-disavowed "actual evidence" test (see *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006)), and, under the applicable "required evidence" test, the counts should not have merged. See id.

*v. State*, 318 Ga. App. 412, 415 (2) (734 SE2d 113) (2012) ("When the same conduct establishes the commission of more than one crime, a defendant may be prosecuted and found guilty of each crime but may not be sentenced for both. When the jury finds the defendant guilty of both crimes, the lesser offense merges into the greater offense and the court sentences on the greater offense only.") (citation and punctuation omitted).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013 —
RECONSIDERATION DENIED OCTOBER 7, 2013.

*Rafe Banks III*, for appellant.

*Penny A. Penn, District Attorney, James A. Dunn, Heather N. Dunn, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.