In the Supreme Court of Georgia

Decided:     September 14, 2015

S15A1170.  NOEL v. THE STATE.

THOMPSON, Chief Justice.

Appellant Rodney Noel appeals from the denial of his motion for new trial which was filed after a jury found him guilty of charges of felony murder, aggravated assault, aggravated battery and cruelty to a child in connection with the death of Terrell Williams, his girlfriend's nine-month-old child.  On appeal, appellant challenges the sufficiency of the evidence on numerous grounds and claims that the trial court erred by refusing to charge the jury on the affirmative defenses of accident and justification.[1]  For the reasons set forth below, we

---

[1] The crimes occurred on March 26, 2007 and April 1, 2007.  Appellant was indicted on April 6, 2007, by a Fulton County grand jury on charges of malice murder, three counts of felony murder, aggravated assault, aggravated battery, and cruelty to children.  A jury found him guilty of all counts except malice murder on September 15, 2009.  With the agreement of the parties, the trial court that same day sentenced appellant to concurrent terms of life in prison on each of the felony murder counts and determined that the underlying offenses of aggravated assault, aggravated battery, and cruelty to children merged into the respective felony murder verdicts.  Appellant filed a motion for new trial on September 22, 2009, and amended motions for new trial on January 25, 2013, and April 19, 2013.  These motions were denied by the trial court on July 30, 2013, following a hearing.  Appellant's notice of appeal was filed on August 30, 2013.  The case was docketed in this Court for the

affirm the judgments of conviction but remand the case for resentencing.

The evidence presented at trial authorized the jury to find that a few days before the crimes, appellant, Terrell, and Terrell's mother, Crystal Williams, drove to Atlanta from Chicago so that appellant could renew his prescriptions for pain medications prescribed for a back injury. Because they arrived late in Atlanta, appellant missed his Friday doctor's appointment and they checked into a hotel for the weekend. Terrell appeared healthy and alert and behaved normally during the trip to Atlanta and throughout the weekend.

On Monday morning, Williams played with Terrell in the hotel room while appellant went to his re-scheduled doctor's appointment. Laverne Pickett, a hotel maid who saw Williams and Terrell that morning, testified that Terrell was alert and happy. When appellant returned from his appointment, Williams fed Terrell approximately six ounces of formula from a bottle and gave him ice cream, all of which he ate in a normal manner. Williams then left Terrell with appellant so that she could do laundry for the trip home. Shortly thereafter, Brenda Sanders, a hotel maid, heard Terrell crying out loudly. Pickett, who was cleaning the room next to appellant's, heard appellant scream at Terrell to "shut

April 2015 term and submitted for decision on the briefs.

2

up," then she heard a thump and Terrell quieted down. Pickett knocked on appellant's door to see if everything was alright, and appellant, who cracked open the door, told her everything was fine. Pickett looked around the door and saw Terrell in a car seat. A short time later, another witness saw appellant crouching over Terrell and screaming for help. That individual called 911 and relayed instructions to appellant so that he could perform CPR. When medical personnel arrived, Terrell was unresponsive and his eyes were fixed and dilated.

Terrell died several days later after being removed from life support. An autopsy revealed the cause of death was a combination of brain injuries that resulted in swelling of the brain and hemorrhages of the lining and surface of the brain. The autopsy further revealed that Terrell had bruises consistent with being grabbed, held, or swung around by the thigh and he had hemorrhaging of the optic nerve and retinal hemorrhages, too many in number to count. Experts for both the State and the defense agreed that the blunt impact head injuries Terrell suffered were unlikely to have been caused by accident as there were multiple impacts caused by a substantial amount of force. The State's experts testified that the only type of force that could have caused the victim's injuries was a rapid, repetitive, and violent shaking coupled with impact and that such

injuries could not have been caused by jostling, choking, the administration of CPR, or disease. They also testified that the injuries Terrell received would have rendered him unconscious and unable to eat almost immediately.

Appellant initially told police that he heard Terrell choking and found him unresponsive, so he shook him, ran cold water over him in the shower, placed him over the air conditioner, and tried to perform CPR. At the hospital, however, appellant denied shaking Terrell and explained that he had merely "jostled" the car seat with Terrell in it. Appellant testified at trial, where he consistently denied that he had shaken Terrell or engaged in any conduct causing his death.

1. In several enumerations of error, appellant claims the evidence was insufficient to convict him of the charged crimes, citing to conflicting witness testimony and expert evidence questioning the validity of "shaken baby syndrome." It is, however, the role of the jury "to resolve conflicts in the evidence and to determine the credibility of the witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient." Allen v. State, 288 Ga. 263, 264 (1) (702 SE2d 869) (2010) (citation and punctuation omitted). Viewed in the light most favorable to the

4

verdict, we find the evidence was sufficient to enable a rational jury to find appellant guilty beyond a reasonable doubt of all the offenses for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); Walker v. State, 216 Ga. 474 (117 SE2d 156) (1960).

2. Although we conclude the evidence was sufficient to support the jury's verdicts, in reviewing the record we note an error in the trial court's sentence. The jury found appellant guilty of the three charges of felony murder as well as of the three underlying felonies of aggravated assault, aggravated battery, and cruelty to children. In imposing its sentence, the trial court merged the verdicts on the underlying offenses into their respective felony murder verdicts and sentenced appellant to a concurrent term of life in prison for each of the jury's felony murder verdicts. What the trial court and the parties failed to recognize, however, is that a defendant found guilty of the felony murder of the same victim through the commission of more than one felony may only be sentenced on one felony murder charge and the remaining felony murder charges stand vacated by operation of law. See Leeks v. State, 296 Ga. 515, 524 (7) (769 SE2d 296) (2015) (second felony murder count vacated by operation of law because felony murder convictions involved the same victim); Malcolm v. State,

5

263 Ga. 369, 372 (4) (434 SE2d 479) (1993). In addition, because in this case two of the jury's felony murder verdicts stood vacated by operation of law, there was nothing into which two of the separately charged non-murder counts could merge. See Hulett v. State, 296 Ga. 49, 53 (2) (766 SE2d 1) (2014). See also Malcolm, supra, 263 Ga. 373 (5) (holding that once a felony murder count is vacated, underlying felony cannot merge into the felony murder count). These oversights resulted in appellant being sentenced improperly to three life terms in prison for the murder of one victim and left unresolved sentences for two of the non-murder felonies of which appellant was legally convicted. See Hulett, supra at 53 (2).

Accordingly, appellant's sentences are void and we remand for resentencing. See Cowart v. State, 294 Ga. 333, 336 (2) (751 SE2d 399) (2013) (holding that decision regarding which felony murder verdicts shall be deemed vacated, which may affect other sentencing decisions, is left to the discretion of the trial court on remand). In doing so, we remind the trial court and the parties that on resentencing, a legal conviction may be entered on only one felony murder verdict, the underlying felony charged in that count will merge into the felony murder conviction as a matter of law, the remaining felony murder

verdicts will stand vacated by operation of law, and a determination whether the remaining non-murder felonies merge as a matter of fact into the felony murder conviction will need to be made.

3. Appellant contends the trial court erred by failing to give the jury requested instructions on the defenses of accident and justification which he contends were authorized by evidence of his statement at the scene of the crimes that he shook Terrell after he heard him choking.[2] See OCGA § 16-2-2; OCGA § 16-3-20 (6).

Assuming, without deciding, that appellant's pre-trial statement was sufficient to support the giving of the requested charges, see Booker v. State, 247 Ga. 74, 74 (274 SE2d 334) (1981), we conclude the trial court's decision not to give these charges does not require reversal. See O'Connell v. State, 2015 Ga. LEXIS 491. The indictment in this case charged appellant with various crimes based on his commission of acts against Terrell sufficiently

---

[2] Although appellant argues that these charges should have been given because each represented his *sole* defense, his arguments on appeal and the trial transcript demonstrate that his strategy at trial was to defend against the charges by denying that he committed any act that caused Terrell's injuries. In fact, the transcript is replete with instances where defense counsel made it clear to the court, and ultimately to the jury in closing argument, that appellant's sole defense at trial was one of lack of causation.

severe to injure Terrell's brain, causing his death. At trial, appellant defended against these charges by denying any involvement in Terrell's death and testifying that he never shook Terrell. Instead, appellant presented evidence and argument suggesting that Williams inflicted the fatal injuries while appellant was at his doctor's appointment. Although appellant told an officer that he shook Terrell, appellant immediately disavowed this statement when at the hospital he denied shaking Terrell and explained to police that he had merely "jostled" his car seat. Appellant then persistently denied at trial that he had shaken Terrell or engaged in any conduct, culpable or otherwise, that could have caused his injuries. Appellant's own trial testimony, therefore, undermined the affirmative defenses of homicide by accident or justification as those defenses are legally defined by statute. Moreover, even assuming the jury believed appellant's pre-trial statement and not his subsequent denials, given the undisputed expert evidence regarding the number and severity of Terrell's injuries, the amount of force required to inflict those injuries, and that such injuries could not have been inflicted by accident, we find it unlikely that the jury would have found in his favor on either affirmative defense. See Davis v. State, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998) (accident is an affirmative

8

defense whereby a defendant must show that she acted without criminal intent, was not engaged in a criminal scheme, and that her action did not show an utter disregard for the safety of others); Mills v. State, 287 Ga. 828, 832 (4) (700 SE2d 544) (2010) (death caused by criminal negligence is not an accident). Considering the record as a whole and weighing the evidence and defenses raised by appellant at trial as we believe reasonable jurors would, we conclude that it is highly probable the trial court's decision not to charge the jury on accident and justification did not contribute to the jury's verdict. Accordingly, any possible error was harmless.

Judgment of conviction affirmed and case remanded for resentencing. All the Justices concur.